1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Annie Y. Stoops (SBN 286325)
   **Arent Fox LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:   213.629.7400
   Facsimile:    213.629.7401
5  aram.ordubegian@arentfox.com
   douglas.flahaut@arentfox.com
6  annie.stoops@arentfox.com

7  Counsel for the Plaintiff
   Chapter 7 Trustee, Jeremy W. Faith
8

9              **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA DIVISION**

11

| | |
|---|---|
| In re | Case No.  9:19-bk-10031-DS |
| ROBERT WOODS TAKKEN and LINDA HENRY TAKKEN,<br>                    Debtors, | Chapter 7<br><br>Adv. Case No. 9:21-ap-01001-DS |
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROBERT W. TAKKEN, an individual, LINDA H. TAKKEN, an individual, CRISTOPHER TAKKEN, an individual, KRISTINA TAKKEN, an individual, MARC TAKKEN, an individual, LAURA TAKKEN a.k.a. LAURA RUSSELL, an individual, DANIEL TAKKEN, an individual, SAMARA FARAY a.k.a. SAMARA TAKKEN, an individual, FIRE ROCK INVESTMENTS LLC, a California limited liability company, AHA Shoes, Inc., a California domestic business corporation,<br><br>                    Defendants. | **PROOF OF SERVICE RE:**<br><br>1. **COMPLAINT FOR: 1) DECLARATORY RELIEF; 2) AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT [11 U.S.C. § 544(b)]; 3) AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT [11 U.S.C. § 548(a)(1)(A)]; 4) AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)]; 5) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547]; 6) AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. § 549]; 7) RECOVERY AND PRESERVATION OF AVOIDED TRANSFERS; AND 8) ACCOUNTING;**<br>2. **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; and**<br>3. **NOTICE THAT COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 7026-1 IS REQUIRED** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*):

- **COMPLAINT FOR: 1) DECLARATORY RELIEF; 2) AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT [11 U.S.C. § 544(b)]; 3) AVOIDANCE OF FRAUDULENT TRANSFERS WITH ACTUAL INTENT [11 U.S.C. § 548(a)(1)(A)]; 4) AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(B)]; 5) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547]; 6) AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. § 549]; 7) RECOVERY AND PRESERVATION OF AVOIDED TRANSFERS; AND 8) ACCOUNTING;**
- **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]; ADVERSARY PROCEEDING STATUS CONFERENCE PROCEDURES JUDGE DEBORAH J. SALTZMAN; and**
- **NOTICE THAT COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 7026-1 IS REQUIRED**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_____,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) **01/08/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Deborah J. Saltzman
United States Bankruptcy Court
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/08/2021 | YVONNE LI | /s/ Yvonne Li |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/21684292.1

**2. <u>SERVED BY UNITED STATES MAIL</u>:**

<u>**DEFENDANTS**</u>

Robert W. Takken
833 Hacienda Circle
Paso Robles, CA 93446-5805

Linda H. Takken
833 Hacienda Circle
Paso Robles, CA 93446-5805

Cristopher Takken
1755 Fire Rock Loop
Templeton, CA 93465-8390

Kristina Takken
1755 Fire Rock Loop
Templeton, CA 93465-8390

Marc Takken
4627 Snapdragon Way
San Luis Obispo, CA 93401-7693

Laura Takken
4627 Snapdragon Way
San Luis Obispo, CA 93401-7693

Laura Takken
9732 Pyramid Way
Sparks, NV 89441-6258

Daniel Takken
4075 Ohio St, Apt. #5
San Diego, CA 92104-2637

Samara Faray
4075 Ohio St, Apt. #5
San Diego, CA 92104-2637

Fire Rock Investments LLC
Attn: Cristopher Andres Takken, Manager and Agent for Service of Process
1755 Fire Rock Loop
Templeton, CA 93465

AHA Shoes, Inc.
Attn: Cris Takken, Chief Executive Officer and Agent for Service of Process
747 Spring Street
Paso Robles, CA 93446

AHA Shoes, Inc.
Attn: Cris Takken, Chief Executive Officer and Agent for Service of Process
PO Box 3942
Paso Robles, CA 93447

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

AFDOCS/21684292.1

3

1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Annie Y. Stoops (SBN 286325)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:     213.629.7400
   Facsimile:     213.629.7401
5  aram.ordubegian@arentfox.com
   douglas.flahaut@arentfox.com
6  annie.stoops@arentfox.com

7  Counsel for the Plaintiff
   Chapter 7 Trustee, Jeremy W. Faith
8
                **UNITED STATES BANKRUPTCY COURT**
9
          **CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA DIVISION**
10

11  In re                                   Case No. 9:19-bk-10031-DS

12  ROBERT WOODS TAKKEN and                  Chapter 7
    LINDA HENRY TAKKEN,
13
                 Debtors.
14

15  JEREMY W. FAITH, Chapter 7 Trustee,      Adv. Case No.

16                 Plaintiff,                **COMPLAINT FOR:**

17         v.                                **1)  DECLARATORY RELIEF;**
                                             **2)  AVOIDANCE OF FRAUDULENT**
18  ROBERT W. TAKKEN, an individual,             **TRANSFERS WITH ACTUAL**
    LINDA H. TAKKEN, an individual,             **INTENT [11 U.S.C. § 544(b)];**
19  CRISTOPHER TAKKEN, an individual,       **3)  AVOIDANCE OF FRAUDULENT**
    KRISTINA TAKKEN, an individual, MARC        **TRANSFERS WITH ACTUAL**
20  TAKKEN, an individual, LAURA TAKKEN         **INTENT [11 U.S.C. § 548(a)(1)(A)];**
    a.k.a. LAURA RUSSELL, an individual,    **4)  AVOIDANCE OF**
21  DANIEL TAKKEN, an individual, SAMARA        **CONSTRUCTIVELY FRAUDULENT**
    FARAY a.k.a. SAMARA TAKKEN, an              **TRANSFERS [11 U.S.C. §**
22  individual, FIRE ROCK INVESTMENTS           **548(a)(1)(B)];**
    LLC, a California limited liability company, **5)  AVOIDANCE OF PREFERENTIAL**
23  AHA Shoes, Inc., a California domestic       **TRANSFERS [11 U.S.C. § 547]**
    business corporation,                    **6)  AVOIDANCE OF UNAUTHORIZED**
24                                               **POST-PETITION TRANSFERS [11**
                 Defendants.                     **U.S.C. § 549];**
25                                           **7)  RECOVERY AND PRESERVATION**
                                                 **OF AVOIDED TRANSFERS; AND**
26                                           8)  **ACCOUNTING**

27
                                             [SUMMONS TO BE ISSUED]
28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES     AFDOCS/23429655.1

4

1    Jeremy W. Faith, the duly-appointed chapter 7 trustee (the "Trustee" or "Plaintiff") for the

2    bankruptcy estate (the "Estate") of debtors Robert W. Takken and Linda H. Takken (collectively,

3    the "Debtors"), complaining of the Debtors, Cristopher Takken, Kristina Takken, Marc Takken,

4    Laura Takken, Daniel Takken, Samara Faray, Fire Rock Investments LLC, and AHA Shoes, Inc.

5    (collectively, the "Defendants"), alleges as follows:

6          **I.      NATURE OF ACTION AND JURISDICTION**

7    1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(2)(A),

8    (E), (H) and (O), 1334(b), and General Order No. 13-05 of the District Court for the Central District

9    of California, because this is a core proceeding related to the bankruptcy case filed by the Debtors,

10   pending before the United States Bankruptcy Court for the Central District of California, Santa

11   Barbara Division as Case No. 9:19-bk-10031-DS.   Venue properly lies in this judicial district

12   pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtors' pending

13   bankruptcy case.  The Trustee consents to final orders or judgment by the Bankruptcy Court.

14   2.      This is an adversary proceeding brought pursuant to Title VII of the Federal Rules

15   of Bankruptcy Procedure to recover certain transfers of monies and/or property made by the

16   Debtors to the Defendants and related relief.  The Trustee seeks entry of a judgment avoiding (a)

17   certain transfers as fraudulent pursuant to 11 U.S.C. §§ 544 and/or 548 and (b) other transfers as

18   preferential transfers against certain Defendants pursuant to 11 U.S.C. §§ 547 and/or 549.  The

19   Trustee seeks recovery of the avoidable transfers pursuant to 11 U.S.C. § 550.

20   3.      Additionally, this adversary proceeding seeks declaratory relief as to the nature and

21   extent of the Debtors' ownership or equitable interests in the entities, Fire Rock Investments LLC

22   and AHA Shoes, Inc.

23          **II.      THE PARTIES**

24   4.      The Trustee brings this action solely in his capacity as Chapter 7 Trustee of the

25   Debtors' estate.

26   5.      Robert W. Takken ("Robert") is a debtor in this bankruptcy case, and on information

27   and belief, a resident of Paso Robles, California.

28   6.      Linda H. Takken ("Linda") is the co-debtor in this bankruptcy case, and on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

1    information and belief, a resident of Paso Robles, California.

2          7.    Cristopher Takken ("Cristopher") is the adult child of the Debtors, and on

3    information and belief, a resident of Templeton, California.

4          8.    Kristina Takken ("Kristina") is Cristopher's spouse, and on information and belief,

5    a resident of Templeton, California.

6          9.    Marc Takken ("Marc") is the adult child of Debtors, and on information and belief,

7    a resident of San Luis Obispo, California.

8          10.    Laura Takken, also known as Laura Russell, ("Laura") is Marc's spouse, and on

9    information and belief, a resident of San Luis Obispo, California.

10          11.    Daniel Takken ("Daniel") is the adult child of Debtors, and on information and

11   belief, a resident of San Diego, California.

12          12.    Samara Faray, also known as Samara Takken, ("Samara") is Daniel's spouse, and

13   on information and belief, a resident of San Diego, California.

14          13.    Fire Rock Investments LLC ("Fire Rock") is a California limited liability company

15   formed by Cristopher in July 2010.  On information and belief, Fire Rock is owned by Cristopher

16   and his wife, Kristina.

17          14.    AHA Shoes, Inc. ("AHA Shoes") is a California domestic business corporation

18   incorporated by Robert in September 2006.  On information and belief, AHA Shoes is owned by

19   Cristopher and Marc.

20          III.    **GENERAL ALLEGATIONS**

21   A.    **Background**

22          15.    On January 8, 2019 (the "Petition Date"), the Debtors filed the underlying chapter

23   7 bankruptcy case, Bankruptcy Case No. 9:19-bk-10031-DS.

24          16.    Pursuant to their bankruptcy schedules, the Debtors owned, operated and/or

25   controlled numerous business entities.  These businesses included the shoe retailer, T&B Boots,

26   Inc. ("T&B Boots") and a number of real estate holding companies, including LHT Investments,

27   Takken Development Company, Inc., 1027 Marsh Street LLC, Takken Investment Properties LLC,

28   BWP Apartments LLC, Bellridge Park 2 LLC, Plaza Central LLC, Palace Avenue Associates LLC,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

AFDOCS/23429655.1

6

1  Palma Sola LLC, Old Avocado Ranch LLC, Ocean Street Investments LLC, Takken O'Connor

2  Investment LLC, and Triangle LLC (together with T&B Boots collectively referred to as the

3  "Debtors' Entities").

4        17.    On June 4, 2018, T&B Boots filed for chapter 7 bankruptcy relief in the United

5  States Bankruptcy Court, Central District of California, Santa Barbara Division, Case No. 9:18-bk-

6  10890-DS.  Jeremy W. Faith was appointed as the chapter 7 trustee of T&B Boots' bankruptcy

7  estate.

8        18.    On information and belief, with the intent to injure and defraud their creditors, the

9  Debtors with the other Defendants effectuated and participated in a plan and scheme to transfer

10  monies and property out of the Debtors' names with the specific intention and purpose to deprive

11  the Debtors' creditors of their ability to recover assets from the Debtors.  As a result of the fraud

12  practiced and perpetrated by the Debtors, the creditors have suffered damages which will be

13  established according to proof at trial.

14  **B.**      **The Debtors' Fraudulent Transfers of Real Property**

15        19.    In or around November 2014, the Debtors purchased a single family residence

16  located at 833 Hacienda Circle, Paso Robles, California 93446 ("Paso Robles Property").  On

17  information and belief, the Debtors paid approximately $125,000 in connection with the purchase

18  of the Paso Robles Property.

19        20.    On information and belief, after approximately thirty (30) days, the Debtors

20  transferred ownership of the Paso Robles Property to the real estate holding company, Fire Rock

21  ("Paso Robles Property Transfer").  On information and belief, Cristopher and Marc own Fire

22  Rock.

23        21.    The Debtors also purchased a vacant lot located at 1725 Fire Rock Loop, Templeton,

24  California 93465 ("Templeton Lot").  On information and belief, in or around 2016 to 2017, the

25  Debtors transferred ownership of the Templeton Lot to Fire Rock ("Templeton Lot Transfer").

26        22.    On information and belief, during the four year period preceding the Petition, the

27  Debtors transferred other real properties to the Defendants (together with the Paso Robles Property

28  Transfer and the Templeton Lot Transfer collectively referred to as the "Real Property Transfers").

- 4 -

23.    On information and belief, the Debtors were insolvent on the dates of the Real Property Transfers or became insolvent as a result of those transfers.

24.    On information and belief, "badges of fraud" in the various Real Property Transfers, include but are not limited to: (i) the Debtors' retention of possession and control of the transferred property, (ii) the Debtors did not disclose the true nature of the transfers in their bankruptcy schedules or Statement of Financial Affairs; (iii) the Debtors do not appear to have received reasonably equivalent value in exchange for the transfers; and (iv) the Debtors were insolvent at the time of the transfers or became insolvent as a result of the transfers.

**C.    The Debtors' Fraudulent Transfers of Monies and Other Properties**

25.    On information and belief, during the four years immediately preceding the Petition Date, the Debtors gifted monies and/or property to their adult children, Cristopher, Marc, and Daniel; the spouses of their adult children; and/or entities owned by their adult children (collectively "Gift Transfers").

26.    For example, at the 341(a) meeting of creditors, Linda testified that (i) in or around 2016, she gifted $100,000 to Cristopher and/or the entities owned and/or controlled by him, and (ii) that in or around 2018, she gifted another $25,000 to Cristopher and/or the entities owned and/or controlled by him.

27.    The Debtors also made recurring transfers of monies to Fire Rock (collectively "Fire Rock Transfers").  Indeed, as reflected on the Debtors' bank statements for the Wells Fargo account ending in 2230, the Fire Rock Transfers include transfers totaling $118,138 that occurred between January 2016 and May 2018.   These transfers are itemized in **Exhibit A** attached hereto. Accordingly, the Trustee is informed and believes that the total amount of monies transferred from the Debtors to Fire Rock during the four-year period preceding the Petition Date is greater than $118,138.

28.    On information and belief, the Debtors were insolvent on the dates of the various Gift Transfers and Fire Rock Transfers or became insolvent as a result of those transfers.

29.    On information and belief, "badges of fraud" in the various Gift Transfers and the Fire Rock Transfers, include but are not limited to: (i) the Debtors' retention of possession and

control of the transferred property, (ii) the Debtors did not disclose the true nature of the transfers in their bankruptcy schedules or Statement of Financial Affairs; (iii) the Debtors do not appear to have received reasonably equivalent value in exchange for the transfers; and (iv) the Debtors were insolvent at the time of the transfers or became insolvent as a result of the transfers.

**D.    The Debtors' Transfers of Monies for the Benefit of the Debtors' Entities**

30.    At one time T&B Boots operated approximately 20 to 22 shoe retail locations throughout the state of California.  On information and belief, Robert formed AHA Shoes in or around 2008 and thereafter transferred ownership of AHA Shoes to Cristopher and Marc.  In or around 2008, AHA Shoes purchased two (2) retail locations from T&B Boots.  On information and belief, in or around 2014 or 2015, T&B Boots had financial difficulties and sold four (4) more retail locations to AHA Shoes.

31.    On information and belief, the Debtors' entities often borrowed funds and/or property from each other.  For example, Robert testified that T&B Boots borrowed monies and/or inventory from AHA Shoes in the approximate amount of $300,000.

32.    On information and belief, during the four-year period immediately preceding the Petition Date, the Debtors made transfers of monies and/or property to the Defendants as payment for the monies and/or inventory borrowed by the Debtors' Entities.

33.    One example of a transfer made for the benefit of the Debtors' Entities,  Robert testified at his 2004 examination on August 2, 2019 that he transferred title to a 2010 Mercedes Benz to an entity owned by Cristopher as payment for the monies T&B Boots owed to AHA Shoes.

34.    On information and belief, the Debtors were insolvent on the dates of the various transfers that were made for benefit of the Debtors' Entities or became insolvent as a result of those transfers.

35.    On information and belief, "badges of fraud" in the transfers the Debtors made on account of indebtedness incurred by the Debtors' Entities, include but are not limited to: (i) the Debtors' retention of possession and control of the transferred property, (ii) the Debtors did not disclose the true nature of the transfers in their bankruptcy schedules or Statement of Financial Affairs; (iii) the Debtors do not appear to have received reasonably equivalent value in exchange

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

1  for the transfers; and (iv) the Debtors were insolvent at the time of the transfers or became insolvent

2  as a result of the transfers.

3  **FIRST CLAIM FOR RELIEF**

4  **Declaratory Relief Against Defendants Fire Rock Investments LLC and AHA Shoes, Inc.**

5  **[28 U.S.C. § 2201 and 11 U.S.C. § 541]**

6      36.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

7      37.    An actual controversy exists as between Plaintiff and defendants Fire Rock and

8  AHA Shoes, in that:

9      a.  Defendants claim that the Debtors have no ownership or equitable interests in Fire

10          Rock and/or AHA Shoes;

11      b.  Defendants claim that the Debtors have no ownership or equitable interests in the

12          assets of Fire Rock and/or AHA Shoes;

13      c.  Defendants claim that the Debtors have no ownership or equitable interests in the

14          Paso Robles Property or the Templeton Lot; and

15      d.  Plaintiff contends that as of the Petition Date, the Debtors owned at least an

16          equitable interest in Fire Rock, AHA Shoes, and the assets of these companies,

17          including the Paso Robles Property, and/or the Templeton Lot.

18      38.    Pursuant to 11 U.S.C. § 541, the Debtors' legal or equitable interests in Fire Rock,

19  AHA Shoes, and the assets of the companies, including but not limited to, Paso Robles Property

20  and the Templeton Lot, constitutes property of the Estate.

21      39.    Because of the adverse positions of Plaintiff and defendants Fire Rock and AHA

22  Shoes, a dispute exists as to the parties' rights, claims, interests, and obligations concerning the

23  assets of these companies. Based thereon, Plaintiff seeks an order from this Bankruptcy Court

24  determining:

25      a.  The nature and extent of the Debtors' interests in Fire Rock;

26      b.  The nature and extent of the Debtors' interests in AHA Shoes;

27      c.  The nature and extent of the Debtors' interests in the Paso Robles Property; and

28      d.  The nature and extent of the Debtors' interests in the Templeton Lot.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

AFDOCS/23429655.1

40.     An actual controversy exists between the Parties as heretofore stated, the determination of which will impact the value of the Debtors' assets in this bankruptcy estate.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Avoidance of Actual Fraudulent Transfer Against All Defendants**

**[11 U.S.C. §§ 544(b) and 550; and Cal. Civ. Code §§ 3439.04(a)(1) or 3439.05 and Cal. Civ. Code § 3439.07]**

41.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

42.     The Real Property Transfers, the Gift Transfers, Fire Rock Transfers, and the various transfers made by the Debtors for benefit of the Debtors' Entities (collectively referred to as the "Transfers") were made by the Debtors with the actual intent to hinder, delay, or defraud their creditors.  Specifically, the Debtors made the Transfers even though they knew or consciously or recklessly chose to ignore facts known to them that strongly suggested the Transfers would leave the Debtors insolvent and unable to pay their debts as they become due in the ordinary course of business.

43.     At all relevant times within the four years immediately preceding the Petition Date, the Debtors (i) were insolvent, or became insolvent as a result of each of the Transfers, (ii) were engaged in or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

44.     The Defendants did not provide the Debtors with reasonably equivalent value for the Transfers and did not take the Transfers in good faith.  Specifically, the Defendants knew or consciously or recklessly chose to ignore facts known to them that strongly suggested that the consideration, if any, that the Defendants provided for the Transfers conferred no or less than reasonably equivalent value upon the Debtors.

45.     At all relevant times, the Transfers were voidable under Cal. Civ. Code §§ 3439.04(a)(1) or 3439.05 and Cal. Civ. Code § 3439.07 by one or more creditors who held and hold unsecured claims against the Debtors that were and are allowable against their bankruptcy

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

1    estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e).

2         46.    The acts of the Defendants, and each of them, were undertaken for improper

3    purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable,

4    in conscious disregard of the rights of the Estate's creditors, and were designed and intended to

5    cause and did, in fact, cause the Estate's creditors to suffer actual damages and therefore justify the

6    awarding of substantial exemplary and punitive damages.

7         47.    The Plaintiff seeks all available relief under Cal. Civ. Code § 3439.07, including

8    exemplary damages.

9         48.    By reason of the foregoing, the Plaintiff may avoid the Transfers under 11 U.S.C.

10    § 544(b) and Cal. Civ. Code §§ 3439.04(a)(1) or 3439.05 and Cal. Civ. Code § 3439.07.

11                   **THIRD CLAIM FOR RELIEF**

12    **Avoidance of Actual Fraudulent Transfer Against Cristopher Takken, Kristina Takken,**

13    **Marc Takken, Laura Takken, Daniel Takken, Samara Faray, Fire Rock Investments LLC,**

14                      **and AHA Shoes, Inc.**

15                      **[11 U.S.C. §548(a)(1)(A)]**

16         49.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

17         50.    Certain Transfers of the Debtors' monies and property to the Defendants occurred

18    within the two (2) years prior to the Petition Date.

19         51.    Accordingly, these Transfers are avoidable, and should be avoided, as fraudulent

20    pursuant to 11 U.S.C. § 548(a)(1)(A).

21                   **FOURTH CLAIM FOR RELIEF**

22        **Avoidance of Constructively Fraudulent Transfer Against All Defendants**

23    **[11 U.S.C. §§ 544 (b), 548(a)(1)(B) and 550; and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05**

24                 **and Cal. Civ. Code § 3439.07]**

25         52.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

26         53.    On  information and belief, the Debtors did not receive reasonably equivalent value

27    in exchange for any of the Transfers of the Debtors' monies and property.

28         54.    At the time of each of the Transfers, the Debtors either:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

a.      Were insolvent on the dates the Transfers were made, or became insolvent as a result thereof;

b.      Were engaged or were about to engage in a business or a transaction for which any property remaining of the Debtors was of unreasonably small capital; or

c.      Intended to incur, or believed that they would incur, debts beyond their ability to pay as such debts matured.

55.      On information and belief, the Debtors were insolvent, or became insolvent as a result of each of the Transfers.

56.      On information and belief, the Debtors were not paying debts as they came due, including but not limited to the following:

a.      The Debtors' personal guaranties of the outstanding loans issued by creditor Newtek Small Business Finance LLC to the Debtors' businesses, including but not limited to, T&B Boots and Takken Investment Properties LLC; and

b.      Discover Bank credit card charges.

57.      On information and belief, there exist other creditors of the Debtors whose claims arose before each of the Transfers were made.

58.      The acts of the Defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of the rights of the Estate's creditors, and were designed and intended to cause and did, in fact, cause the Estate's creditors to suffer actual damages and therefore justify the awarding of substantial exemplary and punitive damages.

59.      The Plaintiff seeks all available relief under Cal. Civ. Code § 3439.07, including exemplary damages.

60.      Accordingly, the Transfers are avoidable, and should be avoided, as constructively fraudulent pursuant to 11 U.S.C. §§544(b), 548(a)(1)(B) and 550, and Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and Cal. Civ. Code § 3439.07.

///

///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

AFDOCS/23429655.1

## FIFTH CLAIM FOR RELIEF

**Avoidance of Preference Transfers from the Debtors Against Cristopher Takken, Kristina Takken, Marc Takken, Laura Takken, Daniel Takken, Samara Faray, Fire Rock Investments LLC, and AHA Shoes, Inc.**

**[11 U.S.C. § 547]**

61.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

62.    To the extent certain Transfers were made by the Debtors as repayment of their personal loans to the Defendants, the Trustee seeks to avoid these Transfers occurring during the one year period immediately preceding the Petition Date as preferential under 11 U.S.C. § 547.

63.    On information and belief, the Defendants each qualify as an "insider" under the Bankruptcy Code.

64.    On information and belief, the Debtors received personal loans from the Defendants. Such that the Defendants were creditors of the Debtors at the time the Transfers occurred.

65.    During the one year period immediately preceding the Petition Date, the Debtors made certain Transfers to or for the benefit of the Defendants in an aggregate amount to be determined as trial.

66.    The Transfers constituted transfers of the Debtors' interest in property.

67.    The Transfers were to or for the benefit of a creditor within the meaning of § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendants.

68.    The Transfers were made for, or on account of, an antecedent debt or debts owed by the Debtors to the Defendants.

69.    On information and belief, the Debtors were insolvent, or became insolvent as a result of each of the Transfers.  Pursuant to 11 U.S.C. § 547(f), the Trustee is entitled to the presumption of insolvency for each one of the Transfers that occurred during the 90 day period immediately preceding the Petition Date.

70.    As a result of certain Transfers, the Defendants received more than the Defendants would have received if: (i) the Transfers has not been made, and (ii) the Defendants received

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

1  payments of their debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors'

2  bankruptcy schedules as well as the proofs of claim that have been received to date, the Debtors'

3  liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of

4  their claims from the Debtors' bankruptcy estate.

5        71.    In accordance with the foregoing, certain Transfers are avoidable pursuant to 11

6  U.S.C. § 547(b).

7  **SIXTH CLAIM FOR RELIEF**

8  **Avoidance of Unauthorized Post-Petition Transfers Against All Defendants**

9  **[11 U.S.C. § 549]**

10        72.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

11        73.    To the extent any of the Transfers, particularly the Gift Transfers and Fire Rock

12  Transfers, cleared the Debtors' bank accounts after the Petition Date and were not authorized by

13  the Court or the Bankruptcy Code (the "Post-Petition Transfers"), the Trustee pleads that such Post-

14  Petition Transfers are avoidable pursuant to 11 U.S.C. § 549.

15  **SEVENTH CLAIM FOR RELIEF**

16  **Recovery and Preservation of Avoided Transfers Against All Defendants**

17  **[11 U.S.C. §§ 550 and 551]**

18        74.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19        75.    The Transfers, and each of them, were either (i) incurred and made with the actual

20  intent to hinder, delay, or defraud creditors of the Debtors; or (ii) were made for less than reasonably

21  equivalent value when the Debtors were insolvent or not paying their debts as they came due.

22        76.    Accordingly, each of the Transfers made by the Debtors should be avoided as

23  fraudulent as set forth in the Trustee's Second through Sixth Claims, above, and such property, or

24  the value thereof, should be recovered and preserved for the benefit of the Estate pursuant to

25  11 U.S.C. § 550.

26  ///

27  ///

28  ///

## EIGHTH CLAIM FOR RELIEF

### Accounting of Property of the Estate Against All Defendants

### [11 U.S.C. § 542]

77.  Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

78.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants may have received transfers of prepetition assets of the Debtors and are thus in possession of property of this Estate.

79.  Accordingly, the Defendants, and each of them, are required to account for such property as follows:

a.  The Trustee is entitled to an accounting for all transfers from the Debtors to Fire Rock prepetition, including but not limited to identification of which assets were transferred by the Debtors to Fire Rock and an accounting of each Fire Rock Transfer that occurred between January 2015 to the present.

b.  The Trustee is entitled to an accounting for all transfers from the Debtors to AHA Shoes prepetition, including but not limited to identification of which assets were transferred by the Debtors to AHA Shoes and an accounting of AHA Shoes' assets at the time ownership of the company was transferred to Cristopher and Marc.

a.  The Trustee is entitled to an accounting for all transfers from the Debtors to Cristopher and/or the entities owned and/or controlled by him, including but not limited to an accounting of all Gift Transfers that occurred between January 2015 to the present.

b.  The Trustee is entitled to an accounting for all transfers from the Debtors to Kristina and/or the entities owned and/or controlled by her, including but not limited to an accounting of all Gift Transfers that occurred between January 2015 to the present.

c.  The Trustee is entitled to an accounting for all transfers from the Debtors to Marc and/or the entities owned and/or controlled by him, including but not limited to an accounting of all Gift Transfers that occurred between January 2015 to the present.

d.  The Trustee is entitled to an accounting for all transfers from the Debtors to Laura

- 13 -

1     and/or the entities owned and/or controlled by her, including but not limited to an

2     accounting of all Gift Transfers that occurred between January 2015 to the present.

3     e.   The Trustee is entitled to an accounting for all transfers from the Debtors to Daniel

4     and/or the entities owned and/or controlled by him, including but not limited to an

5     accounting of all Gift Transfers that occurred between January 2015 to the present.

6     f.   The Trustee is entitled to an accounting for all transfers from the Debtors to Samara

7     and/or the entities owned and/or controlled by him, including but not limited to an

8     accounting of all Gift Transfers that occurred between January 2015 to the present.

9     g.   Finally, the Trustee is entitled to an accounting for all prepetition assets the Debtors

10     had in their possession, custody or control, and whether any prepetition property of

11     the Debtors were sold, transferred, or otherwise alienated by the Debtors

12     postpetition.

13 **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiff requests judgment on his Complaint as follows:

15     1.   On the First Claim for Relief, a declaratory judgment determining the nature and

16 extent of the Debtors' interests in Fire Rock and AHA Shoes, and the nature and extent of the

17 Debtors' interests in the Paso Robles Property and the Templeton Lot;

18     2.   On the Second and Fourth Claims for Relief, avoiding and recovering the Transfers

19 of the Debtors' monies and property, or the value thereof, for the benefit of the Estate, as well as

20 all available relief under Cal. Civ. Code § 3439.07, including exemplary damages;

21     3.   On the Third, Fifth, Sixth, and Seventh Claims for Relief, avoiding and recovering

22 the Transfers of the Debtors' monies and property, or the value thereof, for the benefit of the Estate;

23     4.   On the Eighth Claim for Relief, ordering the Defendants to provide detailed records

24 of transactions involving the Debtors' prepetition assets and account for such property of the estate;

25     5.   For costs of suit; and

26     6.   For such other and further relief as the Court may deem appropriate.

27

28 *[Signature on Following Page]*

- 14 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23429655.1

1

2    Dated: January 7, 2021                    **ARENT FOX LLP**

3

4                                             By: */s/ Annie Y. Stoops*

5                                                 Aram Ordubegian
                                                  M. Douglas Flahaut
6                                                 Annie Y. Stoops
                                                  Counsel for the Plaintiff
7                                                 Chapter 7 Trustee, Jeremy W. Faith

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

AFDOCS/23429655.1

# EXHIBIT A

**Exhibit A**

Transfers of Monies from the Debtors' Wells Fargo Account Ending in 2230 to Fire Rock Investments LLC

| Date | Amount | Date | Amount |
|------|--------|------|--------|
| 5/14/2018 | $1,955 | 1/9/2017 | $1,907 |
| 4/4/2018 | $1,955 | 1/23/2017 | $1,907 |
| 4/9/2018 | $1,955 | 12/8/2016 | $1,907 |
| 4/16/2018 | $1,955 | 12/23/2016 | $1,907 |
| 3/20/2018 | $1,955 | 11/21/2016 | $3,814 |
| 3/26/2018 | $1,955 | 11/23/2016 | $1,907 |
| 2/8/2018 | $1,940 | 10/13/2016 | $1,907 |
| 1/8/2018 | $1,940 | 10/24/2016 | $1,907 |
| 1/31/2018 | $1,940 | 10/31/2016 | $1,907 |
| 12/11/2017 | $1,940 | 9/14/2016 | $1,907 |
| 12/26/2017 | $1,940 | 9/23/2016 | $1,907 |
| 11/8/2017 | $1,940 | 8/8/2016 | $1,907 |
| 11/24/2017 | $1,940 | 8/15/2016 | $300 |
| 10/10/2017 | $1,940 | 8/16/2016 | $89 |
| 10/23/2017 | $1,940 | 8/23/2016 | $1,907 |
| 9/8/2017 | $1,940 | 7/8/2016 | $1,907 |
| 9/25/2017 | $1,940 | 7/25/2016 | $1,907 |
| 8/8/2017 | $1,940 | 6/8/2016 | $1,907 |
| 8/23/2017 | $1,940 | 6/23/2016 | $1,907 |
| 7/5/2017 | $1,940 | 5/9/2016 | $1,907 |
| 7/24/2017 | $1,940 | 5/23/2016 | $1,907 |
| 6/8/2017 | $1,940 | 4/8/2016 | $1,840 |
| 6/23/2017 | $1,940 | 4/22/2016 | $1,973 |
| 5/2/2017 | $1,940 | 3/8/2016 | $1,840 |
| 5/8/2017 | $1,940 | 3/10/2016 | $2,709 |
| 5/23/2017 | $1,940 | 3/23/2016 | $1,840 |
| 4/10/2017 | $1,907 | 2/8/2016 | $1,840 |
| 4/24/2017 | $1,907 | 2/23/2016 | $1,840 |
| 3/8/2017 | $1,907 | 1/8/2016 | $1,825 |
| 3/23/2017 | $1,907 | 1/19/2016 | $90 |
| 2/8/2017 | $1,907 | 1/25/2016 | $1,840 |
| 2/23/2017 | $1,907 | **Total:** | **$118,138** |

AFDOCS/23429790.1

16

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Annie Y Stoops<br>Arent Fox LLP<br>555 W Fifth St 48Fl<br>Los Angeles, CA 90013<br><br>213–629–7400<br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA**

| In re:<br><br>Robert Woods Takken and Linda Henry Takken<br><br><br>Debtor(s). | CASE NO.:  9:19–bk–10031–DS<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 9:21–ap–01001–DS |
|---|---|
| Jeremy W. Faith<br><br><br>                                            Plaintiff(s)<br><br>                   Versus<br><br>Robert W. Takken<br><br>**(See Attachment A for names of additional defendants)**<br>                                            Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **02/08/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **March 10, 2021** |
| **Time:** | **11:30 AM** |
| **Hearing Judge:** | **Deborah J. Saltzman** |
| **Location:** | **1415 State St., Crtrm 201, Santa Barbara, CA 93101** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                              Page 1                              **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>January 8, 2021</u>

By: <u>    "s/" Brad Handy    </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeremy W. Faith | Robert W. Takken<br>Linda H. Takken<br>Cristopher Takken<br>Kristina Takken<br>Marc Takken<br>Laura Takken<br>Daniel Takken<br>Samara Faray<br>Fire Rock Investments LLC<br>AHA Shoes, Inc.<br>Laura Russell<br>Samara Takken |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

_____

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                    **F 7004–1.SUMMONS.ADV.PROC**

## ADVERSARY PROCEEDING STATUS CONFERENCE PROCEDURES
## JUDGE DEBORAH J. SALTZMAN

1.      The court will set an initial status conference in all adversary proceedings to be held approximately 60 days after the matter is filed.  All parties must appear in person at the initial status conference in person.  Counsel appearing at the initial status conference must be trial counsel.  Unless otherwise ordered by the court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Saltzman's telephonic appearance procedures, which are available on the court's website, www.cacb.uscourts.gov, by clicking on "Judges," and then the judge's name.

2.      A thorough status report must be filed 14 days before each status conference.  The status report must be prepared on the Local Rule Form F 7016-1.STATUS.REPORT.  This form is available on the court's website, and the plaintiff must attach a copy of the form to this document as Exhibit A.  Failure to file a joint status report may result in the imposition of monetary sanctions and/or the status conference being continued, and parties being ordered to redo the status report.

3.      If a party does not cooperate in preparation of a joint status report, the other party should follow the procedure set forth in LBR 7016-1(a)(3) for filing a unilateral status report.

4.      A status report is not required **only** in the following limited circumstances:

A.      Prior to the date scheduled for the status conference, the parties have filed and the court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action.

B.      Defaults have been entered as against all defendants and the plaintiff has filed and served a motion for default judgment prior to the date scheduled for the status conference.

C.      The parties have filed, and prior to the date scheduled for the status conference, the court has entered an order approving, a stipulation continuing the status conference to a later date (in which case a written status report must be filed not less than 14 days in advance of the continued status conference date).

D.      The court has expressly relieved the parties of the obligation to file a written status report.

Revised 5/15/20

5.      Unless one of the four exceptions outlined above applies, status reports must be filed in a timely manner.  Parties that fail to do so will be subject to a minimum sanction of $150, or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

6.      Failure to appear for a status conference may result in a minimum sanction of $300, dismissal of the adversary proceeding for failure to prosecute or such other sanctions as may be warranted under the circumstances or allowed under Local Bankruptcy Rule 7016-1(f).

7.      If a response to the complaint is not timely filed:

A.      The plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion; see Fed. R. Bankr. P. 7055 and Local Bankruptcy Rule 7055-1;

AND

B.      No later than ten days prior to the status conference, each appearing party must file a Unilateral Status Report (containing the information set forth in Sections A-E of Local Rule Form F 7016-1.STATUS.REPORT) as required by Local Bankruptcy Rule 7016-1(a)(3).

8.      Unless otherwise ordered by the court, within seven days after the status conference, the plaintiff must submit a scheduling order that complies with Local Bankruptcy Rule 7016-1(a)(4).

9.      Stipulations for extensions of time are ineffective unless approved by the court. The court is likely to deny requests to extend a response deadline to a date within five days of the hearing date unless the hearing date is continued to a date which permits the court adequate time to consider the papers.

10.      A copy of these instructions—including Exhibit A, Local Rule Form F 7016-1.STATUS.REPORT—must be attached to every copy of the complaint served upon a party, and the affidavit of service must state that these instructions were served along with a copy of the summons and complaint.

Revised 5/15/20

# EXHIBIT A

(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)

Revised 5/15/20

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  \*\*SELECT DIVISION\*\***

| In re: | |
|---|---|
| | CASE NO.:<br><br>ADVERSARY NO.:<br><br>CHAPTER: |
| Debtor(s). | |

| | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
|---|---|
| Plaintiff(s).<br><br>vs. | DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| Defendant(s). | |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

  1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?        ☐ Yes    ☐ No

  2.  Have all parties filed and served answers to the Claims Documents?        ☐ Yes    ☐ No

  3.  Have all motions addressed to the Claims Documents been resolved?        ☐ Yes    ☐ No

  4.  Have counsel met and conferred in compliance with LBR 7026-1?        ☐ Yes    ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5.    If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

**B.    <u>READINESS FOR TRIAL</u>:**

1.    When will you be ready for trial in this case?
           <u>Plaintiff</u>                                                    <u>Defendant</u>

2.    If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.
           <u>Plaintiff</u>                                                    <u>Defendant</u>

3.    When do you expect to complete <u>your</u> discovery efforts?
           <u>Plaintiff</u>                                                    <u>Defendant</u>

4.    What additional discovery do you require to prepare for trial?
           <u>Plaintiff</u>                                                    <u>Defendant</u>

**C.    <u>TRIAL TIME</u>:**

1.    What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?
           <u>Plaintiff</u>                                                    <u>Defendant</u>

2.    How many witnesses do you intend to call at trial (*including opposing parties*)?
           <u>Plaintiff</u>                                                    <u>Defendant</u>

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    **F 7016-1.STATUS.REPORT**

29

3.   How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                    <u>Defendant</u>

**D.   PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Plaintiff</u>                                    <u>Defendant</u>

Pretrial conference ☐ is ☐ is not  requested          Pretrial conference ☐ is ☐ is not  requested
Reasons:                                        Reasons:

<u>Plaintiff</u>                                    <u>Defendant</u>

Pretrial conference should be set <u>after</u>:          Pretrial conference should be set <u>after</u>:

(*date*) _____                        (*date*) _____

**E.   SETTLEMENT:**

1.   What is the status of settlement efforts?

2.   Has this dispute been formally mediated?   ☐ Yes   ☐ No
     If so, when?

3.   Do you want this matter sent to mediation at this time?

<u>Plaintiff</u>                                    <u>Defendant</u>

     ☐ Yes   ☐ No                              ☐ Yes   ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<table>
<tr><td>Plaintiff</td><td>Defendant</td></tr>
<tr><td>☐ I do consent</td><td>☐ I do consent</td></tr>
<tr><td>☐ I do not consent</td><td>☐ I do not consent</td></tr>
<tr><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.   ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date:  _____                    Date:  _____

_____        _____
Printed name of law firm                 Printed name of law firm


_____        _____
Signature                                Signature


_____        _____
Printed name                             Printed name

Attorney for: _____      Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|-------------|-----------|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1    Aram Ordubegian (SBN 185142)
     M. Douglas Flahaut (SBN 245558)
2    Annie Y. Stoops (SBN 286325)
     **Arent Fox LLP**
3    555 West Fifth Street, 48th Floor
     Los Angeles, CA  90013-1065
4    Telephone:   213.629.7400
     Facsimile:    213.629.7401
5    aram.ordubegian@arentfox.com
     douglas.flahaut@arentfox.com
6    annie.stoops@arentfox.com

7    Counsel for the Plaintiff
     Chapter 7 Trustee, Jeremy W. Faith

8

9                     **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA DIVISION**

11   In re                                    Case No.  9:19-bk-10031-DS

12   ROBERT WOODS TAKKEN and                  Chapter 7
13   LINDA HENRY TAKKEN,
                    Debtors,
14

15   JEREMY W. FAITH, Chapter 7 Trustee,      Adv. Case No. 9:21-ap-01001-DS
16
                    Plaintiff,                **NOTICE THAT COMPLIANCE WITH
17                                            RULE 7026 OF THE FEDERAL RULES OF
          v.                                  BANKRUPTCY PROCEDURE AND
18                                            LOCAL BANKRUPTCY RULE 7026-1 IS
                                              REQUIRED**
19   ROBERT W. TAKKEN, an individual,
     LINDA H. TAKKEN, an individual,
20   CRISTOPHER TAKKEN, an individual,        Status Conference Date:
     KRISTINA TAKKEN, an individual, MARC
21   TAKKEN, an individual, LAURA TAKKEN      Date:      March 10, 2021
     a.k.a. LAURA RUSSELL, an individual,     Time:      11:30 a.m.
22   DANIEL TAKKEN, an individual, SAMARA     Place:     Videoconference/Telephone [1]
     FARAY a.k.a. SAMARA TAKKEN, an
23   individual, FIRE ROCK INVESTMENTS
     LLC, a California limited liability company,
24   AHA Shoes, Inc., a California domestic
     business corporation,
25
26                  Defendants.

27   _____

28   [1] Due to the COVID-19 outbreak, the status hearing will be held remotely via ZoomGov.  Parties should review Judge

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/23523847.1                                                                         33

1     **PLEASE TAKE NOTICE** that compliance with Local Bankruptcy Rule 7026-1 and

2     Rule 7026 of the Federal Rules of Bankruptcy Procedure is required in this adversary proceeding.

3

4     Dated: January 8, 2021                    **ARENT FOX LLP**

5

6                                              By: _____

7                                              Aram Ordubegian
                                               M. Douglas Flahaut
8                                              Annie Y. Stoops
                                               Counsel for the Plaintiff
9                                              Chapter 7 Trustee, Jeremy W. Faith

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     _____

28     Saltzman's calendar for video and audio connection information.  The calendar can be accessed at the following web
       address: http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/default.aspx (Click on the "Select Judge" tab on the upper left
       side of the screen and select Judge Saltzman).